IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01305-MEH-CBS

VICTORIA GIANNOLA,

    Plaintiff,

v.

ASPEN/PITKIN COUNTY HOUSING AUTHORITY and
STEVE BARWICK,

    Defendants.

## ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are Defendant Aspen/Pitkin County Housing Authority's Motion for Leave to File Motion for Summary Judgment re: Statute of Frauds (Docket #96) and Motion for Summary Judgment re: Statute of Frauds (Docket #97), Defendant Steve Barwick's Motion for Leave to File Motion for Summary Judgment on the Statute of Frauds (Docket #98) and Motion for Summary Judgment on the Statute of Frauds (Docket #99), and Defendant Aspen/Pitkin County Housing Authority's Motion to Amend Answer (Docket #101).  For the reasons stated below, Defendants' Motions are **denied**.

### I.    Factual and Procedural Background

    Plaintiff claims that she entered into a five-year employment contract with Defendants, and that Defendants breached this contract by eliminating her position before the five-year period ended. Defendants argue that Plaintiff was an at-will employee, and that no employment contract existed.

    Defendants moved for summary judgment against Plaintiff on August 16, 2004, on the basis

that any representations of a five-year position did not constitute an employment contract under the facts of this case. Moreover, Defendants argued, any potential contract was superseded by the statements in Defendants' personnel manuals to which Plaintiff later assented. Magistrate Judge Schlatter granted summary judgment on these bases, and Plaintiff appealed. The Tenth Circuit reversed and remanded for trial after concluding that a question of fact existed regarding the existence of an employment agreement. Moreover, the Tenth Circuit found that the statements in the personnel manuals could not *later* override an employment contract, if Plaintiff were able to establish the factual and legal bases for such a contract.

## II.    Defendants' Motions for Leave to File Motion for Summary Judgment (#96 and #98) and Motions for Summary Judgment on Statute of Frauds (#97 and #99)

Defendants argue that their previous Motion for Summary Judgment did not waive any other legal arguments and that, therefore, they should now be able to move for summary judgment based on other legal arguments. In response, Plaintiff contends that the Tenth Circuit clearly remanded this case for trial, not for any other proceedings.

It is indisputable that the Tenth Circuit remanded this case "for trial." While Defendants may not have not *waived* any other available legal arguments which they have properly preserved, they did have a full and fair opportunity to raise those defenses in a pre-trial (and pre-appeal) dispositive motion and chose not to do so. The Tenth Circuit's Order rightfully guides the Court to conduct a trial in this case, not to simply conduct further proceedings consistent with holdings in its Order.

Most courts, the Tenth Circuit included, do not typically give litigants a "second bite at the apple." *E.g.*, *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1199 (10th Cir. 2006). There are, however, potential grounds for permitting successive motions for summary judgment. For

example, in *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006), the court noted that, in the district court's discretion, successive motions might be permitted when the moving party has expanded the factual record on which summary judgment is sought. Again, in *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990), the court approved of successive motions for summary judgment when discovery had been extended. Other grounds for successive motions could include a change in intervening law or the need to correct a clear error or prevent manifest injustice. *Id.* (citing cases). Here, none of those considerations exist.

Based on the foregoing, Defendants' Motions for Leave to File Motion for Summary Judgment are **denied**. Any remaining legal issues will be determined at trial.[1]

### III.    Defendants' Motions for Summary Judgment on Statute of Frauds (#97 and #99)

Because the Court finds that additional motions for summary judgment will not be permitted at this time, Defendants' Motions for Summary Judgment on the Statute of Frauds are hereby **denied** as moot. The legal arguments supporting these motions, and responses, may be incorporated by reference into the parties' trial briefs if they so choose.

### IV.    Defendant Aspen/Pitkin County Housing Authority's Motion to Amend Answer (#101)

Defendant seeks to amend its Answer to specifically include the statute of frauds as an affirmative defense. Defendant argues that this defense was included in its initial answer by the affirmative defense, "There was no contract between Plaintiff and this Defendant regarding the terms of employment and therefore there is no cause of action for violation of any terms of employment or for any claims arising out of Plaintiff's loss of employment." Dock. #15, Answer, p.6, ¶ 21. Plaintiff

---

[1]Accordingly, the parties are advised that any claims for which Plaintiff does not produce sufficient evidence under the governing law will be addressed upon proper motion during or after trial.

argues in response that this amendment is untimely, and that Defendant has not demonstrated good cause for its failure to timely amend its answer.

An affirmative defense not raised in the initial response may be included by amendment pursuant to Fed. R. Civ. P 15(a). *Radio Corp. of America v. Radio Station KYFM, Inc.*, 424 F.2d 14, 17 (10th Cir. 1970). The Court is to freely allow amendment of the pleadings "when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). In addition, once a scheduling order has been issued setting a deadline for the amendment of pleadings, a party seeking an amendment out of time must show good cause to modify the Scheduling Order. Fed. R. .Civ. P. 16(b); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Good cause requires the Plaintiff to show that the deadline for amendments "could not have been met with diligence." *Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 644 (D. Kan. 2001) (citation omitted). Thus, Defendant must satisfy a two part test: (1) that good cause exists to amend the Scheduling Order; and (2) that justice requires this amendment.

The Court finds that good cause has not been established to amend the Scheduling Order. First, Defendant provides no justification for the untimeliness of its proposed amendment. Defendant was aware of the availability of this defense at the outset of this case. In fact, Defendant acknowledges that Defendant Barwick included this defense in his Answer. Second, Defendant argues that this is a simple clarification of its Answer. However, neither party has provided any legal

authority addressing whether the affirmative defense that this Defendant actually raised in its Answer provides Plaintiff with sufficient notice under Rule 8(c) of a statute of frauds defense. If Defendant's affirmative defense as already alleged is sufficient, an amendment is unnecessary to preserve this defense. Conversely, if this amendment is more than a simple clarification, Defendant has failed to establish justification for the delay in seeking the amendment. Thus, the Court need not determine the scope of Defendant's affirmative defense as already alleged, because either analysis fails to establish good cause to amend the Scheduling Order. Therefore, Defendant Aspen/Pitkin County Housing Authority's Motion to Amend Answer is **denied**. In their trial briefs, the parties are encouraged to address the issue of whether Defendant's affirmative defense as already alleged satisfies Rule 8(c)'s requirement regarding the statute of frauds.

## V.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Aspen/Pitkin County Housing Authority's Motion for Leave to File Motion for Summary Judgment re: Statute of Frauds [Filed March 13, 2006; Docket #96] be denied.

It is further ORDERED that Defendant Aspen/Pitkin County Housing Authority's Motion for Summary Judgment re: Statute of Frauds [Filed March 13, 2006; Docket #97] be **denied** as moot.

It is further ORDERED that Defendant Steve Barwick's Motion for Leave to File Motion for Summary Judgment on the Statute of Frauds [Filed March 13, 2006; Docket #98] be **denied**.

It is further ORDERED that Defendant Steve Barwick's Motion for Summary Judgment on the Statute of Frauds [Filed March 13, 2006; Docket #99] be **denied** as moot.

It is further ORDERED that Defendant Aspen/Pitkin County Housing Authority's Motion to Amend Answer [Filed March 13, 2006; Docket #101] be **denied**.

Dated at Denver, Colorado, this 14th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge